UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ROBERT PONTE,
Plaintiff,
vs.
WELTMAN, WEINBERG & REIS CO., L.P.A.,
Defendant.

# COMPLAINT WITH JURY DEMAND

**General Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . 1**
**Jurisdiction and Venue . . . . . . . . . . . . . . . . . . . . . . . . . 4**
**Count**
**I. FDCPA, 15 USC § 1692, et seq . . . . . . . . . . . . . . . . . . . 5**
**Jury Demand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6**

Robert Ponte (Ponte) complains against Weltman, Weinberg & Reis Co., L.P.A., (Weltman), for violation of the Fair Debt Collection Practices Act (FDCPA), as follows:

## General Allegations

**1.** On June 1 2015, among records at the office of the Washtenaw County Register of Deeds, Weltman recorded Discover Bank's judgment lien, in case # DC3-10-794-DC, against Ponte's alleged interest in real property in Washtenaw County. (See lien one, at Exhibit A.)

**2.** In accord with Michigan judgment lien law, an unrerecorded judgment lien expires after 5 years. *MCL 600.2809(4)* Thus Discover Bank's judgment lien, referred at paragraph 1 above, expired on June 1 2020, when, without being timely rerecorded, it became null and void.

**3.** On December 23 2015, among records at the office of the Washtenaw County Register of Deeds, Weltman recorded Discover Bank's judgment lien, in case # DC3-10-929-GC, against Ponte's alleged interest in real property in Washtenaw County. (See lien two, at Exhibit B.)

**4.** Again, without timely rerecording, a judgment lien lasts only 5 years. Thus Discover Bank's other judgment lien, referred at paragraph 3 above, lasted only until December 23 2020, when it also expired.

**5.** Pursuant to MCL 600.2805(3), Weltman was obliged to serve each lien on Ponte by certified mail, then to file proof of service at court - neither of which Weltman did. Frankly, in no way did Weltman serve Ponte - in fact keeping liens they had recorded, as Weltman's own, private secret. Only by searching the website of the Washtenaw County Register of Deeds early this year, did Ponte learn of the existence of Weltman's expired liens.

**6.** Ponte is a "consumer" of a "debt", as those terms are defined in the FDCPA.

**7.** Weltman is a "debt collector", as defined in the FDCPA.

**8.** Weltman represents itself as an ethical law group. [1]

**9.** As an experienced debt collector, recorder of judgment liens, at all pertinent times Weltman was, and is, obliged to know that in Michigan a judgment lien lasts only 5 years, when such a lien automatically expires.

**10.** At all pertinent times Weltman knew that, upon Ponte's request to record the release of Weltman's expired, and no longer lawful, liens, Weltman was obliged to record release of their liens.

**11.** Prior to filing this lawsuit, early this year Ponte examined the records of the Washtenaw County Register of Deeds, learned that Weltman had recorded these two liens, since expired, and contacted Weltman several times, over the course of several months, in an effort to resolve this matter, to no avail.

**12.** To record an expired lien is against the law. As Ponte discovered only last week, in violation of MCL 600.2809(4),[2] six days after Ponte's latest email, on June 28 2022 Weltman *once again* recorded both of Discover Bank's expired judgment liens. (See two expired, then rerecorded, liens, at Exhibit C.)

---

[1] We stand behind our work with the highest legal, ethical, and moral standards. Weltman is dedicated to serving the creditors' rights industry with honesty, integrity, and the highest standards of client service. We have 15 attorneys who are AV Preeminent Rated by Martindale Hubbell, its highest available rating for legal ability and professional ethics.

[2] § 600.2809(4) A judgment lien may be rerecorded only once. A judgment lien is rerecorded by recording with the register of deeds, not less than 120 days before the initial expiration date under subsection (1), a second notice of judgment lien that has been certified by the clerk of the court that entered the judgment.

**13.** The unlawful debt collection methods, acts and practices of Weltman - namely, unreasonably failing to agree to record release of Discover Bank's expired liens and then recording Discover Bank's expired liens, both for a second time - were, and are, willful, unethical and solely intended to harass Ponte.[3]

**14.** As an actual and proximate result of Weltman's unlawful acts and omissions, Ponte has suffered actual damage and injury, including, but not limited to aggravation of chronic depression, fear, stress, mental anguish, emotional distress and suffering, for which he should be compensated in an amount to be set by jury and at trial.

**Jurisdiction and Venue**

**15.** According to the Ohio Secretary of State Corporations Division, Weltman is an Ohio professional corporation. Defendant Weltman conducts continual debt collections business throughout southeastern Michigan.

**16.** Plaintiff Ponte resides in Chelsea City, in Washtenaw County.

**17.** Among other serious matters in dispute, despite Ponte's recent, reasonable requests Weltman presently fails to release Discover Bank's expired liens, that it recorded at the office of the Washtenaw County Register of Deeds, and instead unlawfully records these expired liens for a second time.

[3] Moreover, if they were not exempted, pursuant to MCL 565.25 (2)(e), as attorneys for a financial institution, the misconduct of attorneys Daniel E. Best, Jeffrey K. Bearss, Jennifer T. Dillow, and Tiffani Williams, due to recording expired liens, would subject them to be charged as felons, pursuant to MCL 600.2907a (1) and (2), punishable by imprisonment for not more than 3 years.

**18.** This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to its violations of a federal law cause of action. Ponte seeks damages in excess of $75,000, exclusive of interest, costs and attorney fees, as well as equitable and declaratory relief, and this cause is otherwise within the jurisdiction and venue of this Court.

**COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**15 USC 1692, et seq.**

**19.** Ponte incorporates by reference all facts and allegations set forth in this complaint.

**20.** In attempting to collect payment on a debt, Weltman violated the Fair Debt Collection Practices Act (FDCPA), including as follows:

**a.** Falsely representing the character and legal status of a debt, in violation of 15 USC 1629e(2)(A);

**b.** Using a harassing, unfair or unconscionable means to attempt to collect a debt, including, but not limited to: instead of releasing Discover Bank's expired liens, recording the liens all over again, without a lawful right to do so, in violation of 15 USC 1629f;

**c.** Taking action that cannot lawfully be taken, that is: recording expired liens again, without a lawful right to do so, in violation of 15 USC 1629e(5);

**d.** Failing to have adequate procedures in place designed to prevent the aforesaid violations;

**e.** Such other and further violations as may be determined through further investigation and discovery.

**Wherefore**, Plaintiff prays that this Honorable Court enter judgment against Defendant, for:

**A.** Actual damages in excess of $75,000, exclusive of interest, costs and attorney fees, pursuant to 15 USC 1692k(a)(1);

**B.** Statutory damages pursuant to 15 USC 1692k(a)(2)(A);

**C.** Costs and reasonable attorney fees pursuant to 15 USC 1692k(a)(3);

**D.** A declaration that Defendant's practices violate the FDCPA;

**E.** A declaration that Defendant release their unlawful liens: and

**E.** Such other and further relief as this Court deems just and proper.

**Jury Demand**

Plaintiff demands a jury trial of this case.

Dated: July 27, 2022.

/s/ Robert F. Ponte
ROBERT F. PONTE (P-23218)
Plaintiff, Pro Per
220 West Middle Street
Chelsea, MI 48118
(734) 475-9191
rponteesq@sbcglobal.net